IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   SA-19-CR-152-XR |
| | § |
| RICK BENAVIDES, | § |
| *Defendant*. | § |

# ORDER

Defendant is charged in an indictment with attempted coercion and enticement of a minor in violation of 18 U.S.C. §2422(b).  In his motion to suppress, he seeks the suppression of all evidence in this case, arguing that the investigation and arrest in this case were initiated by Special Agents (SAs) with the United States Air Force, Office of Special Investigations (AFOSI) and this conduct violates the Posse Comitatus Act, 18 U.S.C. § 1385.

On February 11, 2019, SA/USAF Technical Sergeant Jason Allen Hutchings, acting in his capacity as a Special Agent in the U.S.A.F., Office of Special Investigations, posted a message on a social messaging app called Whisper.  The posting (called a whisper) consisted of text superimposed over an image of a young girl.  The text stated: "Visiting my brother on Lackland afb!  Hmu" with two yellow faces, each with smiling eyes, a closed smile, rosy cheeks, and three hearts floating around each head.

Within five minutes someone naming himself "Man on Solitude – 45 M" responded.  The Whisper app indicated to SA Hutchings that the individual responding was approximately 3 miles away from his location.[1]  SA Hutchings testified that in this operation dubbed "Operation ICEBERG," AFOSI is targeting DoD personnel.  Because the individual stated in subsequent whispers that he was a contractor

---

[1] SA Hutchings testified that in his experience anyone responding to a post that was within 5 miles was a "good indicator" of DoD personnel or DoD affiliates being involved.  In posts or text messages the Defendant indicated he worked in buildings behind the stadium and flight line of the installation.

who works at Joint Base San Antonio-Kelly, SA Hutchings testified that "Man of Solitude" met the criteria of a "DoD affiliated person" subject to Operation ICEBERG. After various whispers were exchanged, SA Hutchings gave "Man of Solitude" "her" cell phone number and thereafter text messages were exchanged.[2] On February 17 or 18, "Man of Solitude" began to request nude photos and a request for sex. Ultimately, the undercover agent and "Man of Solitude" agreed to meet on February 20, 2019 at Lions Park located on Lackland Air Force Base, an exclusive federal jurisdiction.[3] Defendant was arrested by Air Force OSI when he arrived at the prearranged location.

To combat child exploitation the Department of the Air Force, Office of Special Investigations created Operation ICEBERG. "The involvement of military members as predators and their families as victims" necessitated a "proactive undercover operation."[4] Operation ICEBERG authorized undercover agents to assume the persona of a known underage person. The persona was used to target active duty or DoD affiliated persons who attempt, entice, or solicit underage persons.[5] Recognizing the Posse Comitatus Act, Operation ICEBERG conditions that AFOSI agents may only participate in investigations where targets have a DoD affiliation.[6]

Defendant argues that "the conduct of the AFOSI in enforcing the civilian laws of the United States against the civilian population of the United States by using methods and means normally used by civilian law enforcement agencies is a widespread practice and the AFOSI has repeatedly violated the Posse Comitatus Act." Defendant points out six other cases from 2016 through 2018, where indictments

---

[2] Once SA Hutchings obtained Defendant's cell phone number for the purpose of exchanging text messages, a few days before his arrest, SA Hutchings was able to perform a background check and verify that Defendant was employed as a government contractor working at JBSA.
[3] In areas of exclusive federal jurisdiction, local civilian law enforcement officers have no authority to arrest individuals.
[4] Gov't Ex. 5, p. 2, October 6, 2020 hearing.
[5] *Id*. at p.3.
[6] *Id*. at p. 6. See also Defendant Ex. B.

have been filed in the Western District of Texas for similar activity.[7] Defendant argues that "the remedy of exclusion of evidence obtained in violation of this Act is necessary to prevent the continued and repeated violations of this law."

The Posse Comitatus Act states: "Whoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army or the Air Force as a posse comitatus or otherwise to execute the laws shall be fined under this title or imprisoned not more than two years, or both." 18 U.S.C.A. § 1385.

Defendant argues that "AFOSI, by using a social media application, necessarily cast a wide net that did not discriminate between military and non-military subjects." That may be true; however, as SA Hutchings testified, in a typical post there are about 50 individuals who respond. SA/USAF Major David Drake, supervisor of the Internet Crimes Against Children operations testified, referencing DoD Instruction 5505.03[8], investigations are pursued on the basis of a military nexus – the location of where the crime was committed or the status of the individual committing the crime. No evidence was tendered that suggests that military resources are being deployed to directly assist domestic law enforcement. The PCA allows "an exception to the general prohibition on direct involvement where the military participation is undertaken 'for the primary purpose of furthering a military or foreign affairs function of the United States, regardless of incidental benefits to civilian authorities.'" *United States v. Dreyer*, 804 F.3d 1266, 1275 (9th Cir. 2015). In this case, the AFOSI used the Whisper app for the primary purpose of ensuring that DoD personnel were not engaged in child exploitation. Secondarily, Operation ICEBERG was implemented for the purpose of ensuring the safety of military dependents and guests to the installation. Defendant's reliance upon *Dreyer* is inapt because the investigation

---

[7] The Court notes that five of the six cases involved servicemembers. "[E]ven though [the Posse Comitatus Act] clearly restricts military involvement in civilian law enforcement, it is not the intent of the PCA to limit the military from investigating criminal activities committed by its own members whether such activities occur on or off a military base." *United States v. Lewis*, 824 F. Supp. 2d 169, 174 (D.D.C. 2011), *aff'd*, 505 F. App'x 1 (D.C. Cir. 2013).
[8] See Gov't Exhibit B, October 6, 2020 hearing.

conducted in *Dreyer* was not reasonably tied to military installations or military personnel. In this case, the Defendant was a contractor with access to a secured military installation, establishing a DoD affiliation. Further, when conducting Operation ICEBERG AFOSI ceased any chat activity once personnel determined there was no DoD nexus or affiliation. Accordingly, this Court concludes that in this case there was no violation of the Posse Comitatus Act.[9]

Alternatively, even if there had been a violation of the PCA, there has not been demonstrated widespread and repeated violations of the PCA to warrant an exclusionary sanction. *United States v. Salinas*, No. 19-50936, 2020 WL 5494483 (5th Cir. Sept. 9, 2020). As stated above, the other indictments Defendant relies upon were instances where servicemembers were charged with attempted enticement of a minor. Those investigations did not violate the PCA.

Defendant's motion to suppress is DENIED.

SIGNED this 8th day of October, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[9] After Defendant's arrest, USAF Special Agents conducted a number of interviews of Defendant's friends and family members located throughout the San Antonio area. This occurred when AFOSI was already aware that the U.S. Attorney's Office would prosecute this case. The Court is concerned that this activity *may* have constituted assistance to civilian law enforcement; however, it appears that in this case no evidence was gathered during the post-arrest phase of the investigation that is material to this case.